

1  JOHN BROSNAN
   PO BOX 21281
2  EL SOBRANTE, CA 94803
   510.350.6542
3  johnbrosnanlegal@gmail.com
   Pro Se
4

5

6

7

8             SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                         COUNTY OF SAN MATEO

10



11  JOHN BROSNAN,                       Case No.

12      Plaintiff,                      COMPLAINT FOR DAMAGES

13  v.                                  DEMAND FOR JURY TRIAL

14  SILICON VALLEY REGIONAL COMPUTER    VERIFIED COMPLAINT
    FORENSICS LABORATORY, SHERMAN
15  KWOK, AND DOES 1-9,

16      Defendants.

17

18

19                         INTRODUCTION

20      1.      This is an action for personal injury and fraud perpetrated upon John Brosnan by

21  Silicon Valley Regional Computer Forensics Laboratory and Sherman Kwok.

22                           PARTIES

23      2.      Plaintiff John Brosnan ("Brosnan"), was at all times relevant to this complaint a

24  resident of Richmond, CA.

25      3.      Plaintiff is informed and believes that Silicon Valley Regional Forensics

26  Laboratory ("SVRCFL"), is a business located in Menlo Park in California.

27      4.      Plaintiff is informed and believes that Sherman Kwok ("Kwok") is a resident of

28  California.

                                    1
                                COMPLAINT

JURISDICTION AND VENUE

5.     Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395.

FACTUAL ALLEGATIONS

6.     Kwok is employed at SVRCFL as a computer expert.

7.     Brosnan was arrested, convicted and incarcerated in federal prison based on testimony and evidence provided by SVRCFL and Kwok.

8.     Prior to being arrested the FBI seized computers and peripheral computer equipment ("Seized Property") from Brosnan.

9.     The FBI then turned over the Seized Property to SVRCFL.

10.    SVRCFL assigned Kwok to examine the Seized Property.

11.    Kwok generated a Report Of Examination ("ROE") on October 21, 2009, hereby attached as Exhibit 1.

12.    Kwok knows the difference between different types of digital media and the importance of being accurate when generating a ROE.

13.    On page 2 of the ROE, Kwok lists Specimen SVE027276: IOGear USB memory stick unknown size.

14.    A memory stick is a removable flash memory card format launched by Sony, specifically manufactured for use with Sony cameras, and are clearly labeled as such.

15.    IOGear is a company that manufactures peripheral equipment used with digital memory devices. IOGear does not now nor has ever manufactured memory sticks.

16.    Specimen SVE027276, was in actuality a memory card reader.

17.    A memory card reader ("Reader") is a device into which a user inserts a memory card for the purposes of accessing the data contained on the inserted memory card.

18.    The government and SVRCFL have photos of the items detailed in the ROE that evidence that specimen SVE027276 is not a memory stick but is in fact a Reader.

19.    Contained within Specimen SVE027276, was a SanDisk SD Card, with serial number BH0711804895B ("SanDisk SD Card").

20.     Prior to trial, Brosnan, made many unsuccessful searches for the SanDisk SD Card because the passwords represented by the SanDisk SD Card provided access to exculpatory evidence that Brosnan needed.

21.     The SanDisk SD Card contained exculpatory evidence.

22.     An exact copy of the contents of a digital media device like the SanDisk SD Card is called an image ("Image").  The process of copying a digital media device is called "imaging".

23.     In the ROE, Kwok stated that Specimen SVE027276 could not be imaged, due to Kwok's claim of inability to image Specimen SVE027276.  No image of Specimen SVE027276 was provided to Brosnan prior to trial.

24.     Brosnan had no problems accessing the contents of Specimen SVE027276 with the enclosed SanDisk SD Card.

25.     When an empty card reader is inserted in a computer nothing happens because there is nothing for the computer to recognize.

26.     In the ROE, Kwok properly lists Specimen SVE027273 as a card reader and further states that it contains no media.

27.     In the instance of Specimen SVE027276, Kwok, stated in the ROE, that Specimen SVE027276 with the SanDisk SD Card contained inside, was a memory stick of unknown size and that Kwok was unable to image Specimen SVE027276.

28.     Kwok's statement in the ROE regarding Specimen SVE027276 evidences that Specimen SVE027276 contains memory.

29.     Kwok should have stated that Specimen SVE027276 with the enclosed SanDisk SD Card was a card reader with media contained therein.

30.     A competent computer expert, discovering that they could not access the contents of a memory card contained within a Reader, would simply remove the memory card contained therein and utilize a different Reader, instead, Kwok entered Specimen SVE027276 in the ROE as a memory stick of unknown size that he couldn't image, thus depriving Brosnan of the contents of the SanDisk SD Card prior to trial.

31.     The SanDisk SD Card utilized formatting that SVRCFL could not read.

32.    SVRCFL did not have the required software to read the data stored on the SanDisk SD Card.

33.    Prior to trial, Brosnan was informed by his counsel Geoffrey Hansen ("Hansen"), that Images of all seized memory devices had been provided to Hansen. Had Hansen informed Brosnan that an Image of Specimen SVE027276 had not been provided to Hansen, Brosnan would have sought to have Specimen SVE027276 examined by someone else other than Kwok.

34.    Prior to trial, Brosnan, made many unsuccessful searches for the SanDisk SD Card because the passwords represented by the SanDisk SD Card provided access to exculpatory evidence.

35.    Brosnan was unable to access password protected exculpatory evidence prior to trial due to the falsification of the ROE by Kwok and SVRCFL.

36.    Kwok and SVRCFL are aware of the requirement to properly identify evidence that comes into their possession.

FIRST CAUSE OF ACTION

PERSONAL INJURY

ALL DEFENDANTS

37.    Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

38.    Brosnan was denied access to exculpatory information and incarcerated due to defendants not correctly identifying Specimen SVE027276.

39.    Plaintiff prays for judgment against Defendant, as more fully set forth below.

SECOND CAUSE OF ACTION

NEGLIGENCE

ALL DEFENDANTS

40.    Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

41.    Brosnan was denied access to exculpatory information and incarcerated due to defendants not correctly identifying Specimen SVE027276.

1       42.    Plaintiff prays for judgment against Defendant, as more fully set forth below.

2 //

3 THIRD CAUSE OF ACTION

4 FRAUD

5 ALL DEFENDANTS

6       43.    Plaintiff refers to the allegations of the preceding paragraphs of this complaint,

7 and incorporates the same herein by this reference as though set forth in full.

8       44.    Brosnan was denied access to exculpatory information and incarcerated due to

9 defendants not correctly identifying Specimen SVE027276.

10       45.    Plaintiff prays for judgment against Defendant, as more fully set forth below.

11 FOURTH CAUSE OF ACTION

12 DECEIT

13 ALL DEFENDANTS

14       46.    Plaintiff refers to the allegations of the preceding paragraphs of this complaint,

15 and incorporates the same herein by this reference as though set forth in full.

16       47.    Brosnan was denied access to exculpatory information and incarcerated due to

17 defendants not correctly identifying  Specimen SVE027276.

18       48.    Plaintiff prays for judgment against Defendant, as more fully set forth below.

19 FIFTH CAUSE OF ACTION

20 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21 ALL DEFENDANTS

22       49.    Plaintiff refers to the allegations of the preceding paragraphs of this complaint,

23 and incorporates the same herein by this reference as though set forth in full.

24       50.    Brosnan was denied access to exculpatory information and incarcerated due to

25 defendants not correctly identifying Specimen SVE027276.

26       51.    Plaintiff prays for judgment against Defendant, as more fully set forth below.

27 //

28 //

5<br>COMPLAINT

WHEREFORE, Plaintiff prays judgment against Defendant as follows according to proof.

1.  Personal injury damages;

2.  Actual damages;

3.  Compensatory damages;

4.  Special damages;

5.  Punitive damages;

6.  General damages;

7.  Reasonable attorney's fees;

8.  For costs of suit; and

9.  For such other and further relief as this Court deems just and proper.

DATED: August 26, 2016         _____

John Brosnan – Pro Se

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED: August 26, 2016         _____

John Brosnan – Pro Se

## VERIFICATION

John Brosnan declares under penalty of perjury that the foregoing is true and correct based upon information and belief.

DATED: August 26, 2016         _____

John Brosnan – Pro Se

# EXHIBIT 1

1E-1 (Rev. 3-26-2007)



Silicon Valley Regional
Computer Forensics Laboratory

4600 Bohannon Drive
Suite 200
Menlo Park, CA 94025

## REPORT OF EXAMINATION

To:   San Francisco
      SA Marc Songsanand

Date:   October 21, 2009

Case ID No.: 72-SF-143377

Lab No.:   SV-09-0119-2

Reference:   Communication (Service Request) dated August 17, 2009
             Report of Examination (Imaging report) dated September 22, 2009

Ref. No.:   N/A

Title:   JOHN BROSNAN;
         PERJURY;
         OBSTRUCTION OF JUSTICE
Date specimen(s) received:   August 17, 2009

Specimens:

   (Apple HFS/HFS+ systems:)
   SVE027259: external Firewire/ USB enclosure containing:
      SVE027528: Seagate 120 GB 2.5" IDE HDD – ST9120821A s/n: 3LP04Z6B
   SVE027265: Western Digital 320 GB 2.5" IDE HDD mdl: WD3200MLZ s/n:
         WXH108445416
      SVE027266: power adapter for SVE027265
   SVE027268: Apple MacBook Pro laptop s/n: W86521RYWOJ containing:
      SVE027452: Western Digital 320 GB 2.5" SATA HDD mdl: WD3200BEVT s/n:
         WXH108607932
      SVE027269: power adapter for SVE027268
   SVE027277: Apple Powerbook laptop s/n: W8544HNLSX0
   SVE027278: Western Digital 320 GB ext USB HDD mdl: WD3200MLZ s/n:
         WX2408C41043
   SVE027254: Fujitsu 20 GB 2.5" IDE HDD mdl: MHM2200AT s/n: 01017809
         "clicking noise"
   SVE027255: Fujitsu 60 GB 2.5" IDE HDD mdl: MHS2060AT s/n: NL24T3917DVO
   SVE027256: IBM 20 GB 2.5" IDE HDD Travelstar IC25N020ATDAO s/n:
         63G99002 (APM)

Enclosures: 1
Page 1 of 5

For Official Use Only

SVE027261: Nexstar SX external 2.5" enclosure containing Toshiba 60 GB 2.5"
    HDD mdl: MK6034GSX s/n: 56AL28005

(Windows FAT/FAT32/NTFS systems):
SVE027252: Western Digital 320 GB IDE HDD mdl: WD3200AAJB s/n:
    WCAPZ1202715 with "BAD" Post-It note affixed to cover.
SVE027270: Western Digital 500 GB ext. USB HDD mdl: WD5000ML s/n:
    WXNX088E7334
SVE027267: HP Pavilion a305W desktop containing:
    SVE027487: Western Digital 40 GB IDE HDD mdl: WD400EB s/n:
        WCAATF846621

(Flash Media):
SVE027258: Pen / MP9 Digital Pocket Video Recorder 4 GB flash device
    SVE027257: power adapter for SVE027258
SVE027253: Sony 1 GB Microvault USB memory stick USM1GJ s/n: 07205CDAV
SVE027263: Neuros Mpeg4 recorder s/n: US4800A67003126
    SVE027264: SanDisk 2 GB CF card Extreme III s/n: BE05044YB
    SVE027262: power adapter for SVE027263
SVE027271: IOGear PocketDrive 4 GB mdl: GFR212SD s/n: OU710USS88 04064
SVE027272: Shirt button camera with "A" on red label and 2 GB sticker containing:
    SVE027456: SanDisk 2 GB microSD card
SVE027273: IOGear USB memory stick DUO card reader mdl: GFR202MSD s/n:
    OU710USS61 (no media)
SVE027274: SanDisk 4 GB CF card s/n: BH070804992B (cannot image)
SVE027275: Lexar 1 GB USB JumpDrive memory stick s/n: JDSPIGB-04-500C
SVE027276: IOGear USB memory stick unknown size (cannot image)

**Request:**

On August 17, 2009, SA Marc Songsanand, Federal Bureau of Investigation,
requested forensic examiner assistance in processing digital evidence pursuant to a
search warrant signed by Magistrate Marie Elena James on August 03, 2009. SA
Songsanand requested that the following items be searched for, identified (if present),
documented, and reported on by the SVRCFL:

    1) Located a saved file of a letter written to John Brosnan by Joshua Brysk on
       letterhead of the law offices of James Schwartz. If possible, determine
       manner and date it was created. If not present, has it been deleted?
    2) Locate evidence of other forged documents and/or identity theft, including
       any software/tools used to do it.
    3) Innocent images

**Summary of Examination:**

Request was satisfied, and items listed in the request were found as follows:

1) A letter written to John Brosnan by Joshua Brysk on the letterhead of the law offices of James Schwartz was located. Dates and times stamps will be preserved .

2) No evidence of forged documents or identity theft were found. The primary Apple MacBook Pro laptop does contain Photoshop and other image editing software.

3) Innocent images were not searched for as the search warrant did not specify that child pornography was to be searched for.

Following preparation of the digital material, Examiner reviewed the information using a specially prepared evidence review computer. Examiner created bookmarks or otherwise identified those items or files to be exported to a digital case report.

Details of Examination:

Special Agent Marc Songsanand provided the SVRCFL with the evidence items identified in the Specimen section of this report. Legal authority for the examination was provided as a search warrant that was reviewed by the examiner prior to starting the examination. The evidence items for this case were imaged as indicated in FE Wansin Ounkeo's Report of Examination dated September 22, 2009. This report is attached and made a part therein.

SA Songsanang requested for the search of a letter written to John Brosnan by Joshua Brysk on the letterhead of the law offices of James Schwartz. The letter was located in evidence items SVE027452, SVE027278, and SVE0272665 under the directory "PersonalFiles/Accidents\Suits/Legal Info and Research/ closed cases and files/070822 Brosnan v Oberle – Perjury - #1056".

SVE027452 is the hard drive from the Apple MacBook Pro and has the volume name "MBPRO". SVE027278 is the Western Digital 320GB external HDD and it's volume is named "HD00999" which appears to be a backup drive for MBPRO. SVE027265 is the Western Digital 320GB HDD and its volume is named "MBPRO BU.1" which appears to be another backup drive for MBPRO. Dates and timestamps of this file will be preserved as it is copied out to the Report CD under the folder "070822 Brosnan v Oberle – Perjury - #1056".

In the Report CD, there is a folder named "050830 Brosnan v Oberle (Slander) #1216" which contains the files "100405 Fax.Brysk", "100405 Fax.Brysk.2", and 43179433.pdf which contain scanned images of letters from Brysk to Brosnan on Schwatz letterhead.

In the Report CD, there is a folder named "Samsara Oberle" which contains more info regarding the Oberle v Brosnan case.

Also on the Report CD is a folder named "Wierd Shit" which contains a file named Ricin recipe.rtf.

A search was performed for PDF files created in April and May of 2008, the resulting files are in the folder "PDFsCreatedAprMay2008". Of those 304 files, only 8 were

created by Photoshop. Other files were created by programs such as Acrobat PDMaker for Word, Word, Canon, TW-Brother, ControlCenter (PDF Splitter), etc.

Examiner used forensic software utilities to prepare the examination image for review. The following processes were performed to prepare the image for examination:

1) Directory Listing: A listing of all recognized files was created and stored on the report CD in the form of text files or Microsoft Access Databases.

2) Deleted File Recovery: Deleted files were recovered from the Flash devices and Windows machines' free and unallocated areas[1]. Data within these deleted files was processed to be viewable by an examiner using forensic examination tools. This was not performed on the Mac machines.

3) Residue Extraction: A "data carving" procedure was performed to extract data recognized by the forensic tool as remnants of files that had been previously deleted and then partially overwritten by other files. These remnants were processed and saved in a form viewable by an examiner using forensic examination tools. This was only performed by the Windows machines and flash media, not on the Mac machines.

4) Full text indexing: All textual items contained within the drive were indexed in order to be searchable should an examiner wish to conduct keyword searches of the evidence images.

5) Hashset filtering: A hashset composed of a list of MD5 hash values provided by the Federal Bureau of Investigation (FBI) dated February 09, 2007 was compared to the items contained in the evidence image to filter out known files.

6) Verification: An MD5 hash was run against the examined images at the conclusion of the exam to ensure they had not been altered. The post-exam MD5 hash matched the pre-exam MD5, confirming the examined images had not changed during the examination.

Derivative Evidence (DE) generated during the course of this examination includes the following:
1. SVE027633: Quantum LTO-3 tape archive of 120 GB SVE027528
2. SVE027460: Imation LTO-3 tape archive of 320 GB SVE027265
3. SVE027455: Imation LTO-3 tape archive of 320 GB SVE027452
4. SVE027450: Maxell LTO-1 tape 1 of 2 archive 160 GB SVE027277
5. SVE027451: Maxell LTO-1 tape 2 of 2 archive 160 GB SVE027277
6. SVE027457: Imation LTO-3 tape archive of 320 GB SVE027278
7. SVE027625: Maxell LTO-1 tape archive of SVE027254

---

[1] A hard drive's free and unallocated space is space on a hard drive that is not currently being used by the operating system to store files.

72-SF-143377
SV-09-0119-2
Page 4 of 5

For Official Use Only

JB-USAO-000097

8. SVE027458: Maxell LTO-1 tape archive of SVE027255
9. SVE027459: Maxell LTO-1 tape archive of SVE027256
10. SVE027461: Maxell LTO-1 tape archive of SVE027261
11. SVE027527: Imation LTO-3 tape archive of SVE027252
12. SVE027453: Maxell LTO-1 tape archive of SVE027270
13. SVE027454: Maxell LTO-1 tape archive of SVE027487
14. SVE027627: Maxell LTO-1 tape archive of all flash media: SVE027271, SVE027275, SVE027264, SVE027258, SVE027253 and SVE027456
15. SVE027623: CD containing the digital report (RCFL copy).
16. SVE027624: CD containing the digital report (Agency copy).

Disposition of Evidence:

The disposition for each specimen related to this case is as follows:

1) Original evidence SVE027268, SVE027452, SVE027269, SVE027270, SVE027277, SVE027278, SVE027267, SVE027487, and flash media SVE027273, SVE027276, SVE027275, SVE027271, SVE027272, SVE027274, and SVE027456 were returned to submitting agency.

2) Original evidence SVE027252, SVE027253, SVE027254, SVE027255, SVE027256, SVE027257, SVE027258, SVE027259, SVE027261, SVE027528, SVE027262, SVE027263, SVE027264, SVE027265, and SVE027266 were returned to the evidence room.

3) DE items SVE027450, SVE027451, SVE027460, SVE027455, SVE027457, SVE027633, SVE027458, SVE027459, SVE027461, SVE027625, SVE027453, SVE027454, SVE027527, SVE027627, and SVE027623 will be retained in SVRCFL ECF for a period of five years in order to preserve the evidence in the event additional forensic examinations or legal proceedings require its use. After this time, they will be returned to the requestor's agency for disposition.

4) DE item SVE027624 will be retained in SVRCFL ECF until it is released to the investigator with this report.

This request is complete. SVRCFL case SV-09-0119-2 is closed pending administrative review. SVRCFL case file, including administrative and examination documentation, will be retained at the SVRCFL.

Examiner:

_(signature)_

(Sherman Kwok)

Silicon Valley Regional Computer Forensics Lab
Computer Analysis Response Team